Oscar Antonio Landaverde's opposed motion to hold proceedings in abeyance is denied.

Landaverde, a native and citizen of El Salvador, petitions pro se for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's decision denying his application for protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Zheng v. Ashcroft,* 332 F.3d 1186, 1193 (9th Cir.2003). We deny the petition for review.

We do not consider the materials Landaverde references in his opening brief that are not part of the administrative record before the BIA. *See Fisher v. INS,* 79 F.3d 955, 963–64 (9th Cir.1996) (en banc) (court's review is limited to the administrative record).

Substantial evidence supports the BIA's denial of Landaverde's CAT claim because he failed to establish it is more likely than not he would be tortured by or with the consent or acquiescence of a public official in El Salvador. *See Zheng v. Holder,* 644 F.3d 829, 835–36 (9th Cir.2011) (record did not compel reversal where "claims of possible torture remain speculative[ ]"). We reject Landaverde's contentions that the

agency erred in analyzing his claim, and failed to consider evidence.

**PETITION FOR REVIEW DENIED.**

UNITED STATES of America, Plaintiff–Appellee,

v.

Eric JONES, Defendant–Appellant.

No. 14–10476.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 18, 2015.*

Decided Nov. 24, 2015.

Barbara Valliere, Assistant U.S., Anne M. Voigts, Assistant U.S., DOJ–USAO, San Francisco, CA, for Plaintiff–Appellee.

Candis Mitchell, Assistant Federal Public Defender, FPDCA–Federal Public Defenders Office, San Francisco, CA, for Defendant–Appellant.

Before: TASHIMA, OWENS, and FRIEDLAND, Circuit Judges.

MEMORANDUM **

Eric Jones appeals from the district court's judgment and challenges the 130–

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provid-

month sentence imposed upon remand for resentencing following his guilty-plea conviction for narcotics and weapons offenses, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B)(viii) and (b)(1)(C), and 18 U.S.C. § 922(a)(1) and (d). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Jones contends that the district court procedurally erred by failing to address his mitigating arguments and explain the sentence adequately. The record reflects that the district court considered Jones's mitigating arguments, which he asserted in his sentencing memorandum and again at the sentencing hearing, and simply found them insufficient to warrant a sentence lower than the one it originally imposed. *See Rita v. United States*, 551 U.S. 338, 358, 127 S.Ct. 2456, 168 L.Ed.2d 203 (2007). The court's reasons for the sentence are evident from the record. *See id.* at 359, 127 S.Ct. 2456. We are unpersuaded by Jones's suggestion that the court's failure to comment specifically on the 18 U.S.C. § 3553(a) factors shows that it did not consider them. *See United States v. Carty*, 520 F.3d 984, 992 (9th Cir.2008) (en banc).

Jones next contends that the sentence is substantively unreasonable in light of his mitigating circumstances. The district court did not abuse its discretion. *See Gall v. United States*, 552 U.S. 38, 51, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007). The above-Guidelines sentence is substantively reasonable in light of the section 3553(a) sentencing factors and the totality of the circumstances, including the nature of the

ed by 9th Cir. R. 36–3.

offense. *See Gall*, 552 U.S. at 51, 128 S.Ct. 586.

**AFFIRMED.**